```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
WILLIAM RODRIGUEZ,                       :
                                         :
                 Plaintiff,              :
                                         :    05 CIV. 5402 (DLC)
            -v-                          :
                                         :    OPINION & ORDER
GEORGE HERBERT WALKER BUSH, GEORGE       :
WALKER BUSH, JOHN JEB BUSH, NEIL MALLON  :
BUSH, MARVIN BUSH, RICHARD CHENEY,       :
DONALD H. RUMSFELD, DOV ZAKHEIM, COLIN   :
POWELL, RICHARD ARMITAGE, CONDOLEEZA     :
RICE, JOHN ASHCROFT, ROBERT MUELLER,     :
GEORGE TENET, PORTER GOSS, NORMAN        :
MINETA, LARRY ARNOLD, TOM RIDGE, MARC    :
RACICOT, THE REPUBLICAN NATIONAL         :
COMMITTEE, INC., ALAN GREENSPAN, THOMAS  :
KEAN, JAMIE GORELICK, PHILIP ZELIKOW,    :
JOHN LEHMAN, FRED FIELDING, KARL ROVE,   :
TOM DELAY, RICHARD PERLE, PAUL           :
WOLFOWITZ, RICHARD MYERS, RALPH          :
EBERHART, KENNETH FEINBERG, HALLIBURTON  :
CO., KELLOG BROWN & ROOT SERVICES, THE   :
PROJECT FOR THE NEW AMERICAN CENTURY,    :
INC., ELECTION SYSTEMS & SOFTWARE,       :
WALDEN O'DELL, SEQUOIA VOTING SYSTEMS,   :
INC., CHUCK HAGEL, JOE ALLBAUGH,         :
Director of FEMA, JAMES BAKER III, JOHN  :
SWEENY, MATTHEW SCHLAPP, THOMAS PYLE,    :
MICHAEL MURPHY, GARY MALPHRUS, CHARLES   :
ROYAL, KEVIN SMITH, THE UNITED STATES    :
OF AMERICA, THE UNITED STATES            :
DEPARTMENT OF HOMELAND SECURITY, THE     :
FEDERAL EMERGENCY MANAGEMENT AGENCY,    :
DOE #1-100, DIEBOLD VOTING SYSTEMS,      :
INC., GA SAXBY CHAMBLISS,                :
                                         :
                 Defendants.             :
                                         :
---------------------------------------- X
```

Appearances:

For Plaintiff:
Philip Berg
706 Ridge Pike
Lafayette Hill, PA 19444

For Defendants United States of
America, Department of Homeland
Security, and Federal Emergency

Management Agency:
Jeanette Vargas
Assistant United States Attorney
United States Attorney's Office for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, NY 10007

DENISE COTE, District Judge:

Plaintiff William Rodriguez ("Rodriguez") has brought a litany of claims related to injuries he suffered on September 11, 2001. Defendants United States of America, Department of Homeland Security and Federal Emergency Management Agency ("FEMA") (collectively "Government Defendants") have moved to dismiss the claims brought against them in Rodriguez's complaint filed on October 22, 2004 ("Complaint") based on their sovereign immunity. For the following reasons, defendants' motion is granted.

Background

Rodriguez worked as a janitor in the North Tower of the World Trade Center for nineteen years until it was destroyed on September 11, 2001. Rodriguez was present in the North Tower on the morning of September 11 and is alleged to have saved the lives of fifteen people by assiting in their evacuation from the tower.

The Complaint details a dramatic conspiracy between President George W. Bush and other high-level government officials to bring about the September 11 attacks. The conspiracy includes a plan to have FEMA take control of the economy and infrastructure of the United States after the

President makes a declaration of marital law.

The Complaint was filed in the Eastern District of Pennsylvania.  On October 26, 2004, the United States Attorney for the Eastern District of Pennsylvania accepted service on behalf of the United States.  On December 27, 2004, the United States and several individual defendants moved to dismiss, or in the alternative, transfer the case to the Southern District of New York.  On March 15, 2005, the plaintiff moved for an extension of time to serve defendants.  On May 2, the case was transferred to the Southern District of New York in accordance with the provisions of the Air Transportation Safety and System Stabilization Act of 2001, Pub.L. No. 107-42, 115 Stat. 230 (Sept. 22, 2001), which vests original and exclusive jurisdiction for damages arising out of the September 11 hijackings in the Southern District of New York, see Rodriguez v. Bush, 367 F. Supp. 2d 765, 767 (E.D.Pa. 2005), and plaintiff's motion for an extension of time to serve defendants was denied without prejudice to being renewed in the transferee forum.  Id. at 773.

The plaintiff has not renewed his motion for an extension of time to serve.  There is no record that any defendants, other than the Government Defendants, have been served.  On September 30, 2005, the Government Defendants moved to dismiss the Complaint based on, inter alia, lack of subject matter jurisdiction.

## Discussion

"Absent a waiver, sovereign immunity shields the Federal

3

Government and its agencies from suit." Federal Deposit Insurance Corporation v. Meyer, 510 U.S. 471, 475 (1994) (citation omitted). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983).

Rodriguez does not contest that the Government Defendants are entitled to sovereign immunity and that they have not consented to be sued in this action. Instead, Rodriguez argues that while sovereign immunity may protect the Government Defendants from liability, it is does not prevent them from having to participate in a trial. Rodriguez's view of sovereign immunity is derived from his reading of State of Alaska v. United States, 64 F.3d 1352 (9th Cir. 1995).

In State of Alaska, the question presented to the Ninth Circuit was whether a district court order denying a motion to dismiss for lack of subject matter jurisdiction by the United States was immediately appealable under the collateral order doctrine. Id. at 1354. The issue presented in State of Alaska was significantly different from the issue of whether the United States may be forced to stand trial despite its sovereign immunity.

Because the Government Defendants have not waived their sovereign immunity, this Court lacks subject matter jurisdiction to hear the claims against them. Rodriguez's claims against the Government Defendants are dismissed for lack of subject matter jurisdiction.

## Conclusion

The Government Defendants' motion to dismiss is granted. Although Rodriguez filed this case on October 22, 2004, he has not served any defendant except the Government Defendants. This case was transferred to this Court over a year ago, and during the intervening time the plaintiff has not renewed a request to extend the time to serve any defendant. The plaintiff shall have until July 7, 2006 to show cause why the Complaint should not be dismissed as to the remaining defendants without prejudice for failure to serve them.

SO ORDERED:

Dated: New York, New York
June 26, 2006

*[signature]*
DENISE COTE
United States District Judge